IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 8643 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This sua sponte memorandum order has been prompted by three recently-filed responsive pleadings in this action in which Samuel Payne ("Payne") charges the City of Chicago, its Police Superintendent Gary McCarthy and two Chicago Police Officers (as well as "Unknown or City of Chicago Officials 1-10") with assertedly having violated Payne's constitutional rights. One of those Officer defendants (M. Acosta) has filed an Answer and Affirmative Defenses ("ADs") to Payne's Amended Complaint, and the other Officer defendant (B. Jedlink) has served notice of a motion to file his essentially identical pleading instanter,[1] while Superintendent McCarthy has filed a motion to be dismissed from the action. As will be seen, neither side's counsel has earned a gold star in Federal Procedure 101.

As for the Officers' responsive pleadings, for the most part their Answers (though not

---

[1] Both of those Officers' pleadings have been prepared by the same Assistant Corporation Counsel, who has explained that Officer Jedlink had been on furlough and thus nonreachable. But a bit of thought on counsel's part would have led to a decision to file a single response (even though delayed) for both Officers, both to save some extra effort by counsel and as a courtesy to the reader. It should also be noted that haste makes waste: Some paragraphs in the later-prepared Jedlink response contain errors by referring to Officer Acosta instead (see, e.g., Officer Jedlink's Answer ¶¶ 54-63).

their ADs) pose no problems.[2]  There are a few places, however, where the Answers unjustifiably fail to comply with the Fed. R. Civ. P. ("Rule") 8(b)(1)(B) mandate to "admit or deny the allegations asserted against it by an opposing party."[3]  Both Answers' ¶¶ 5 and 7 read in part:

> Defendant Acosta [or Jedlink] denies the remaining allegations contained in this paragraph because these allegations contain a vague, incomplete, and/or inaccurate statement of the law.

That won't do the job.  It is surely possible for the Officers to acknowledge the correctness of a good part of Payne's allegations in those paragraphs and, to the extent that they are assertedly inaccurate, to identify the inaccuracies.

To turn to the ADs, however, the Officers' counsel has failed to adhere to the principles underlying Rule 8(c) and the caselaw construing and applying that Rule -- in that respect, see also App'x ¶ 5 to State Farm Mutual Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).  Thus, because each AD 1's assertion of a qualified immunity defense violates the basic principle that an AD must accept a complaint's allegations as truthful, qualified immunity is not available to the Officers (after all, a hearing -- really a trial -- is necessary to resolve the parties' factual disputes, so that any early resolution via a qualified immunity ruling is simply unavailable).  Hence each AD 1 is stricken.

As for ADs 2 and 3, their telltale use of "to the extent" is the tipoff that AD 2 violates the principle stated in the preceding paragraph and that AD 3 cannot be (and is not) known to

---

[2]  It should be understood that this Court neither makes nor implies any substantive view as to the appropriateness of the Officers' many denials of Payne's allegations.

[3]  This should not be misunderstood as referring to counsel's invocation of the disclaimer made available by Rule 8(b)(5) under appropriate circumstances.  Unlike many lawyers who depart from that Rule's language and purpose for no apparent reason, here defense counsel has consistently tracked the Rule 8(b)(5) roadmap faithfully.

defendants at this pleading stage (although what is said there may perhaps be learned through discovery, at which time such an AD may be advanced). Accordingly both Officers' ADs 2 and 3 are stricken as well.

So much for problems on the defendants' side of the action. To turn to Superintendent McCarthy's motion, it is Payne's counsel who is at fault. On that score, some lawyers appear to believe that because the filing fee for a federal action is a flat $400 irrespective of the number of defendants sought to be placed in its crosshairs, that provides a license to name anyone on that side of the "v." sign even though such inclusion may be clearly wrong. And here, targeting Superintendent McCarthy is clearly wrong.

For one thing, naming him in his official capacity is at odds with established Supreme Court authority (Kentucky v. Graham, 473 U.S. 159, 165 (1985)), which really treats such a claim as one brought against the City of Chicago -- which is already named as a defendant itself. Accordingly that "official capacity" allegation cannot stand.

Even more fundamentally, nothing in the Complaint asserts personal involvement on Superintendent McCarthy's part. Complaint ¶ 7 alleges his "asserted responsibility for training, supervision, and conduct" of the Officer defendants, but the nature of the conduct with which those Officers are charged is not such as to create a causal link between any such responsibility and their actions.

There is really no need to elaborate -- or, indeed, to call for a response by Payne's counsel. Superintendent McCarthy's motion for his dismissal as a defendant is granted.

                                                         _____
                                                         Milton I. Shadur
Date: February 14, 2014                         Senior United States District Judge